UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TYLER HAWKINS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) No. 1:18-cv-00503-JAW |
| | ) |
| LAWRENCE SEAN CARTER, | ) |
| | ) |
| Defendant | ) |

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS, RECOMMENDING DISMISSAL OF THE CASE, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL

*Pro se* defendant Lawrence Sean Carter seeks *in forma pauperis* status and the appointment of counsel in connection with his removal of a Maine state court protection from harassment action. *See* Notice of Removal (ECF Nos. 1, 1-1). I grant the defendant's request for leave to proceed *in forma pauperis*, recommend that the court dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B), and deny his motion to appoint counsel.

I. **Application To Proceed** *in Forma Pauperis*

*In forma pauperis* status is available under 28 U.S.C. § 1915(a)(1). In his application to proceed *in forma pauperis*, the defendant declares, under penalty of perjury, that he has a monthly income of $771 in Supplemental Security Income and $197 in food stamps, $0 in checking or savings accounts, a 2004 Ford Explorer, regular monthly expenses totaling $694 for rent and phone/internet service, and $3,000 in debt. *See* ECF No. 3. These financial circumstances entitle him to proceed *in forma pauperis*, and his application is granted.

1

## II. Section 1915(e)(2)(B) Review

### A. Applicable Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding *in forma pauperis*, however, "the court shall dismiss the case at any time if the court determines[,]" *inter alia*, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Actions removed by *pro se* plaintiffs or defendants from state court to federal court also are subject to section 1915(e)(2)(B) review. *See, e.g., Wells Fargo Bank NA v. Carr*, Civil Action No. 18-9066 (JLL), 2018 WL 2192715, at *1 (D.N.J. May 14, 2018) (removal of state court action by defendant); *Grantham v. U.S. Bank Nat'l Ass'n*, No. 5:14-CV-00485-BR, 2015 WL 3618617, at *1 (E.D.N.C. June 9, 2015) (removal of state court action by plaintiff).

### B. Factual Background

On December 17, 2018, the defendant filed a notice of removal of case number PFA-AUGDC-PA-2018-00457 from the "Kennebec District Court." ECF Nos. 1, 1-1. He explained:

> The reason for requesting this notice of removal to The United States Federal court is because the subject matter requires a change. The Plaintiff in the above aforementioned case is engaging in a continuing criminal enterprise.

ECF. No. 1 at 1. In his attached letter, he noted that "[t]he uniform summons and complaint is scheduled for 1-8-18 [sic] and the PFA is scheduled for 12-18-18." ECF No. 1-1.

As a preliminary matter, I take judicial notice of the docket record of this case from the Maine District Court in Augusta, Maine.[1] That record reveals that, on November 7, 2018, plaintiff

---

[1] At my directive, the Clerk's Office obtained a copy of the docket record in the underlying action after the defendant failed to provide a copy, as discussed below.

Tyler Hawkins filed a complaint against the defendant seeking protection from harassment. The same day, the state court held a hearing and issued a temporary order of protection from harassment. On December 18, 2018, one day after the defendant purported to remove that action to this court, the state court held a final hearing and issued a final harassment order finding that the plaintiff had been harassed by the defendant and prohibiting the defendant from engaging in a variety of harassing behaviors against the plaintiff. That final order, which is effective until December 17, 2019, was served on the defendant the same day.

On January 4, 2019, after the defendant had filed his notice of removal and motion for leave to proceed *in forma pauperis*, this court issued a procedural order directing that "counsel for the removing party" file the complete state court record of the underlying action by January 16, 2019. *See* ECF No. 4. Five days later, on January 9, 2019, the defendant filed the pending motion for appointment of counsel. *See* ECF No. 5. The state court record was not filed by January 16, 2019, as ordered. On January 18, 2019, this court issued an order to show good cause by February 1, 2019, "why this action should not be dismissed for failure to prosecute, in light of the defendant's failure to timely file the State Court Record." ECF No. 6. The defendant filed no response to that order.

## C. Discussion

The defendant's failure to respond to this court's order to show cause warrants dismissal of the instant action. In addition, this action is subject to dismissal on either of two additional grounds. First, to the extent that the defendant's notice of removal fairly can be construed as an appeal of the state court's disposition of the protection from harassment action against him, this court has no jurisdiction to review it. Second, to the extent that the notice of removal cannot be

3

so construed, it nonetheless is the type of ongoing state court proceeding that the United States Supreme Court has held federal courts should abstain from hearing.

### 1. Failure To Respond To Order To Show Case

Removal is governed by 28 U.S.C. §§ 1441-55. Section 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). Section 1447(b) allows the court to require the removing party to file with its clerk copies of all records and proceedings in the state court. 28 U.S.C. § 1447(b). The removing party has "the burden of showing that removal was proper." *McCormick v. Festiva Dev. Grp.*, Civil No. 09-365-P-S, 2009 WL 3615021, at *1 (D. Me. Oct. 27, 2009) (rec. dec., *mooted* Nov. 25, 2009) (citations and internal punctuation omitted).

As outlined above, this court ordered the defendant to file the state court record. He failed to do so or to respond to a subsequent order to show cause. I am mindful that the court directed the defendant's "counsel" to file the state court record and that, in an apparent attempt to comply, he thereafter filed a motion for the appointment of counsel. *See* ECF Nos. 4-5. Nonetheless, when he was directed to show good cause in writing why this action should not be dismissed for failure to timely file the state court record, *see* ECF No. 6, he did not respond. Dismissal, accordingly, is warranted on this basis.

### 2. *Rooker-Feldman* Doctrine

To the extent that the defendant's removal fairly can be construed as an appeal of the state court's disposition of the protection from harassment action against him, this court has no jurisdiction to review the final judgments and decisions of state courts. *See, e.g., Lance v. Dennis*,

546 U.S. 459, 460 (2006) (*per curiam*) ("The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state court losers' challenging 'state court judgments rendered before the [federal] district court proceedings commenced.'") (citation omitted).[2] For this separate reason, assuming that the instant action can be construed as an appeal of the state court proceeding, I recommend its dismissal. The defendant's recourse is to file an appeal in state court.

### 3. *Younger* Abstention

In a line of cases commencing with *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court counsels that a federal court should abstain from hearing certain types of cases in certain circumstances when there is a pending state proceeding. *Younger* held that a federal court should abstain from enjoining a state court criminal proceeding that was pending at the time the federal suit began. *Younger*, 401 U.S. at 41. The *Younger* court premised its holding on the well-established notions of equity ("courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief"), comity ("a proper respect for state functions"), and federalism ("a system in which there is sensitivity to the legitimate interests of both State and National Governments"). *Id*. at 43-44. *See also Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass.*, 904 F.2d 772, 776 (1st Cir. 1990) (same).

The Supreme Court has since extended the *Younger* abstention doctrine to pending state quasi-criminal proceedings and some civil cases. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 594, 604-05 (1975) (noting that some civil actions involve state interests that are similar in type and importance to criminal proceedings); *Juidice v. Vail*, 430 U.S. 327, 334 (1977) (holding that "the

---

[2] The name "*Rooker-Feldman*" derives from the Supreme Court cases *Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923), and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). *See Lance*, 546 U.S. at 463.

5

principles of *Younger* and *Huffman* are not confined solely to the types of state actions which were sought to be enjoined in those cases"); *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) ("The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved.").

In 2013, the Supreme Court definitively cabined the *Younger* abstention doctrine to three "exceptional circumstances" previously outlined in *New Orleans Pub. Serv. Inc. v. Council of City of New Orleans* ("*NOPSI*"), 491 U.S. 350 (1989), "but no further." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 82 (2013) (internal quotation marks omitted). Those are: (i) "state criminal prosecutions[,]" (ii) certain "civil enforcement proceedings[,]" and (iii) "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* at 78 (citations and internal quotation marks omitted). This action is neither a state criminal prosecution nor a civil proceeding touching on a state court's ability to perform its judicial function, such as a civil contempt order or the requirement for posting bond pending appeal. *See id.* at 79. It is, however, a civil enforcement action.

Applicable civil enforcement actions are those that are "akin to a criminal prosecution" and are "characteristically initiated to sanction . . . the party challenging the state action[ ] for some wrongful act." *Id.* (citations and internal quotation marks omitted). When the defendant filed his notice of removal, he was the subject of a protection from harassment complaint. Since then, both temporary and final harassment orders have been entered against him. Incontrovertibly, an action for protection from harassment seeks to sanction a defendant for a "wrongful act"; in this case, harassment.

Finally, in *Middlesex*, the Supreme Court outlined three factors that counsel in favor of *Younger* abstention: that there is (i) "an ongoing state judicial proceeding[,]" which

6

(ii) "implicate[s] important state interests" and (iii) provides "an adequate opportunity to raise constitutional challenges." *Middlesex*, 457 U.S. at 432. The *Sprint* Court noted that the *Middlesex* conditions, while not dispositive, are "*additional* factors appropriately considered by the federal court before invoking *Younger*." *Sprint*, 571 U.S. at 81 (emphasis in original).

In this case, the *Middlesex* conditions are met. First, by definition, a removal action involves an ongoing state judicial proceeding. Second, the State of Maine has an important interest in protecting its citizens from harassment, as it does in other applications of its police power. Third, the procedural safeguards provided by the relevant state statutes (5 M.R.S.A. § 4651 *et seq.*) afford an adequate opportunity to raise constitutional challenges. *See, e.g.*, 5 M.R.S.A. § 4654(6) (person subject to a protection from harassment order may appear and move for dissolution or modification of order; court shall hear and determine the motion; and "[n]othing in this section may be construed to abolish or limit any means, otherwise available by law, for obtaining dissolution, modification or discharge of an order"). Moreover, the defendant is neither making a constitutional challenge nor arguing that he was unable to do so. *See generally* ECF No. 1. Instead, he alleges that the plaintiff in the underlying state court proceeding is "engaging in a continuing criminal enterprise[,]" *id.* at 1, conduct that seemingly falls within the purview of the state courts but, regardless, implicates no constitutional concerns.

Therefore, assuming that the instant action cannot fairly be characterized as an appeal of the state court proceeding, I recommend its dismissal on the basis that it falls within the subset of state court actions that this court should abstain from hearing.

### III. Motion for Appointment of Counsel

"There is no absolute constitutional right to a free lawyer in a civil case." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). I have granted the defendant *in forma pauperis* status,

and the governing federal statute provides that the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, the appointment of counsel pursuant to that statute is discretionary in civil cases and generally limited to "exceptional circumstances" in which "a denial of counsel [i]s likely to result in fundamental unfairness impinging on [a litigant's] due process rights." *DesRosiers*, 949 F.2d at 23. "[A] court must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." *Id*. at 24. For example, the presence of "readily mastered facts and straightforward law" would suggest that a request for counsel "should be denied in a civil case." *Id*.

The court's acceptance of my recommendation to dismiss this action would moot the defendant's request to be appointed counsel. However, on the separate basis that his bid for counsel falls short of meeting the relevant standard, I deny it. Even assuming that the defendant had been appointed counsel who duly filed the underlying state court record as directed, or that the defendant had responded to my order to show cause, I would have found on section 1915(e)(2)(B) review that this court either lacks jurisdiction over this action pursuant to *Rooker-Feldman* or should abstain from hearing it pursuant to *Younger*.

### IV. Conclusion

For the foregoing reasons, I **GRANT** the plaintiff's application to proceed *in forma pauperis*, recommend that the court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2)(B), and **DENY** his motion for the appointment of counsel.

### *NOTICE*

***A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for***

*which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 24th day of February, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge